United States District Court
Southern District of Texas
**ENTERED**
July 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINT SLOTT, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-4170 |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM & OPINION**

Clint Slott filed a petition in state court seeking an injunction to prevent Specialized Loan Servicing, LLC, from holding a foreclosure sale of his property. The property is located at 165 Cherry Cir. E., New Waverly, Texas, 77358. Before Specialized Loan Servicing was served with Slott's petition, the state court granted a temporary restraining order enjoining foreclosure. Specialized Loan Servicing removed the case to federal court under diversity jurisdiction and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Slott did not respond to the motion to dismiss and informed the court that he did not intend to do so. For the reasons below, the motion to dismiss is granted. Slott may amend his complaint as to his negligence, breach of contract, and Real Estate Settlement Procedures Act claims, by **July 27, 2022.** Slott's Texas Property Code claim is dismissed with prejudice.

**I.    Treatment Under Rule 12(b)(6) or Rule 56**

A threshold issue is whether Specialized Loan Servicing's motion to dismiss is properly decided under Rule 12(b)(6) or whether it should be treated as a motion for summary judgment under Rule 56. Specialized Loan Servicing has attached 13 exhibits to its motion, including the Note and Deed of Trust, an assignment of the mortgage note, an assignment of the deed of trust, and several notice letters. Specialized Loan Servicing has moved to dismiss Slott's complaint

under Rule 12(b)(6), and alternatively for summary judgment under Rule 56. Specialized Loan Servicing argues that "each of the[] [attached] documents are either subject to judicial notice as public records or referenced in Plaintiff's petition." (Docket Entry No. 2, at 6).

The court disagrees that all 13 documents are entitled to judicial notice, for reasons explained later in this opinion. When a moving party submits materials outside the pleadings in connection with a motion to dismiss, and the materials are not entitled to judicial notice, the court must convert the motion into one for summary judgment under Rule 56 if the court considers the materials. In this case, the court need not convert Specialized Loan Servicing's motion to dismiss to a motion for summary judgment to decide the motion. Dismissal under Rule 12(b)(6) is appropriate, for reasons explained below, even without consideration of these submitted materials.

### A. The Legal Standard for a Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln*

*v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Amendment is futile if an amended complaint would fail to state any valid claim for relief. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

**II.     Analysis**

Slott's petition allegations are barebone and conclusory. He asserts a claim under the Real Estate Settlement Procedures Act, a claim under the Texas Property Code, and claims of negligence and breach of contract. For most of these claims, Slott fails to plead any supporting factual allegations. Each claim must be dismissed under Rule 12(b)(6).

Slott alleges negligence in the breach of four duties: (1) to provide notice of any transfer, assignment, or sale of the note; (2) to properly manage the loan and the escrow amount; (3) to comply the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property; and (4) to not mispresent facts about mortgage modifications to the mortgagor. Slott does not allege any facts that might explain how Specialized Loan Servicing

3

breached these duties. Slott vaguely alleges that Specialized Loan Servicing made "representations" that "were false," but he does not state what those "representations" were. Slott alleges that Specialized Loan Servicing "evaded [his] inquiries about an appeal . . . of [his] modification application," but does not explain what those inquiries were, how Specialized Loan Servicing evaded those inquiries, or whether it had any duty to consider his modification application. He fails to allege the elements of a negligence claim.

Slott also alleges that that he "brings this lawsuit . . . alleging . . . [a] violation of RESPA, 12 USC Sec. 1024, *et seq*." (Docket Entry No. 1-3, at 2). That is the only sentence in Slott's complaint about the Real Estate Settlement Procedures Act. Slott does not identify any specific provisions of the Act that Specialized Loan Servicing violated, or allege how the Act was violated.

Under the Real Estate Procedures Act, when a loan servicer assigns, sells, or transfers a borrower's "federally related mortgage loan" to another servicer, the "transferee servicer" must notify the borrower of that sale, assignment, or transfer. 12 U.S.C. § 1605(c)(1). A borrower may sue for lack of notice if the borrower can show "actual damages . . . as a result of the [servicer's] failure" to notify the borrower of the mortgage loan's assignment, sale, or transfer. *Id.* at § 2605(f)(1).

Slott alleges—in his breach of contract claim, not in his Real Estate Settlement Procedures Act claim—that Specialized Loan Servicing did not "provide notice of the Loan Servicer each time the Loan Servicer changed." (Docket Entry No. 1-3, at 6). Slott does not include allegations as to whether Slott's loan was assigned, sold, or transferred, but Specialized Loan Servicing has explained and provided documentation showing that Bank of America assigned its interest in the Deed of Trust to Specialized Loan Servicing in May 2017. (Docket Entry No. 2, at 3).

Specialized Loan Servicing attaches the document that it claims to have provided Slott "regarding the loan servicer change," asking the court to take judicial notice of the document. (Docket Entry No. 2, at 17). But the court sees no reason to consider the notice letter if the court

4

decides the motion to dismiss under Rule 12(b)(6), without converting it to one for summary judgment under Rule 56. In deciding a Rule 12(b)(6) motion, the court may take "judicial notice of public records directly relevant to the disputed issue," or may consider documents "referenced in the complaint." *See Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293–94 (5th Cir. 2008); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Slott does not reference the notice letter in his complaint; he alleges that he did not receive a notice letter. Whether Slott received the notice letter is disputed, and the notice letter is not a matter of public record. The court cannot consider this document without converting Slott's motion to dismiss into a Rule 56 motion for summary judgment.

The court need not consider the notice letter to resolve the motion to dismiss Slott's claim under Rule 12(b)(6). "[I]n addition to alleging a failure by [Specialized Loan Servicing]," Slott must allege that he sustained harm as a result of this failure. The only harm that Slott alleges is that "if [Specialized Loan Servicing] is allowed to proceed with the finalization of the foreclosure proceedings, . . . he will lose all of the money previously invested in the property without having a fair opportunity to protect the investment of which [he] has no adequate remedy at law." (Docket Entry No. 1-3, at 5). Slott does not allege "facts demonstrating that these damages were the result of [Specialized Loan Servicing's] failure to provide him with the required notice." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 795 (5th Cir. 2014). Slott "does not allege, for example, that as a result of [the] failure to provide notice, he mistakenly continued sending his payments to [his former servicer] rather than sending them to [Specialized Loan Servicing], resulting in foreclosure by [Specialized Loan Servicing]." *Id.* Nor does he allege that he relied on information that would have been contradicted by the notice from Specialized Loan Servicing. Absent allegations of any injury resulting from Specialized Loan Servicing's alleged failure to provide him notice under the Real Estate Settlement Procedures Act, the claim must be dismissed.

Slott also alleges that Specialized Loan Servicing violated § 51.002 of the Texas Property Code, which requires "a debtor in default of a note [to be] served with written notice of the default by certified mail and given an opportunity to cure at least twenty days before notice of sale can be given." *Ortiz-Tejada v. Select Portfolio Servicing, Inc.*, No. 3:18-CV-00387, 2020 WL 1891690, at *2 (S.D. Tex. Feb. 5, 2020) (citing Tex. Prop. Code § 51.002(d)). But Slott does not allege that he did not receive this required notice. In fact, Slott alleges that he *did* receive notice. (*See* Docket Entry No. 1-3, at 5). Instead, Slott argues that the notice was "premature" because he "rais[ed] issues regarding his loan and payment history and pending loan workout alternatives." (*Id.*). Slott does not specify what "issues" were raised, or when they were raised.

Even assuming, however, that Slott did not receive notice, his Texas Property Code claim fails. A plaintiff cannot bring a "claim under section 51.002(d) where no foreclosure has taken place." *Ortiz-Tejada*, 2020 WL 1891690, at *2; *Suarez v. Ocwen Loan Servicing, LLC*, Case No. 5:15-CV-664, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale."); *Javier Perez v. MidFirst Bank*, Case No. 7:19-CV-293, 2019 WL 6687665, at *3-4 (S.D. Tex. Dec. 6, 2019) (same). Slott has not alleged that a foreclosure sale has taken place. The state court enjoined Specialized Loan Servicing from foreclosing before this case was removed.[1]

---

[1] Even if a foreclosure sale had occurred, Slott's Texas Property Code claim, as alleged, would fail. The Fifth Circuit has rejected a claim under the Texas Property Code based on similar allegations. In *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790 (5th Cir. 2014), the plaintiff alleged a claim under the Texas Property Code § 51.002, asserting that "foreclosure was 'premature' because he 'raised issues regarding the executed modification agreement and escalations in his escrow account….'" *Id.* at 793. The district court dismissed the plaintiff's claim, and the Fifth Circuit affirmed, because "[t]he Property Code's notice requirements . . . make no mention of a mortgagee's duty to forestall foreclosure so long as the mortgagor seeks a modification." *Id.* The Code only "provides debtors an opportunity to cure a default after receiving notice." *Id.* Slott, like the plaintiff in *Law*, has not "allege[d] that [Specialized Loan Servicing] failed to provide proper notices, that his loan was not in default, or that he attempted to cure his default." *Id.* "Consequently," Slott "has not alleged facts demonstrating that he is entitled to relief under the Texas Property Code." *Id.*

6

Finally, Slott alleges a breach of contract claim. Slott asserts that Specialized Loan Servicing breached the Note and Deed of Trust, as well as United States Department of Housing and Urban Development regulations that were "incorporated with the Deed of Trust." (Docket Entry No. 1-3, at 3, 5–6). "Specifically," Slott alleges, "the Note and Deed of Trust expressly provided that (1) Defendants must allow the right to reinstate and provide information to do such action, (2) Defendants must provide notice of the Loan Servicer each time the Loan Servicer changed, and (3) Defendants must provide notice of default, action to cure default, a date no less than 30 days by which to cure the default, and what happens when the default is not cured." (*Id.*, at 6). Slott alleges that Specialized Loan Servicing "failed to perform[] these actions." Slott does not identify the specific contractual provisions that he alleges were breached.[2]

Specialized Loan Servicing attaches documents to its motion to dismiss showing that it did send each of these notices to Slott. (Docket Entries Nos. 2-5, 2-6, 2-7). The court does not consider these documents because it does not treat the motion as one for summary judgment. The court may, however, take judicial notice of the Note and Deed of Trust attached to the motion to dismiss, Docket Entries Nos. 2-1, 2-2, as these documents are referred to in Slott's complaint and are central to his breach of contract claim.

Slott's breach of contract claim must be dismissed for several reasons. First, although Slott alleges in his breach of contract claim that Specialized Loan Servicing failed to give notice of default, Slott's Texas Property Code claim alleges that Slott did receive notice. (*See* Docket Entry No. 1-3, ¶ 20). A claim is "implausible on its face" when it is "contracted by other facts alleged in the complaint." *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. Appx' 295, 299 (5th Cir.

---

[2] Slott also alleges that "Defendant has breached the written contractual agreements and covenants of the note by wrongfully applying these charges over and above Plaintiff's principal loan balance." (Docket Entry No. 1-3, at 6). Slott claims that he "has suffered harm as he has incurred additional charges to his loan balance and escrow account." (*Id.*). It is unclear how the alleged failures to provide a notice of default and a notice of a changed servicer have any relation to "additional charges to [Slott's] loan balance and escrow account." The court assumes that references to wrongfully applied charges were included in error in Slott's complaint, as no other allegation in his complaint mentions wrongful charges.

2012); *see also Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 866 (S.D. Tex. 2020) (quoting *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016) ("Where [a] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.")).

Slott also alleges that Specialized Loan Servicing breached the Deed of Trust by denying him the "right to reinstate." The Deed of Trust provides that a borrower can "reinstate" if the borrower "pays [the] Lender all sums which then would be due under this Security Instrument and Note as if no acceleration had occurred"; "cures any default of any other covenants or agreements"; and "pays all expenses incurred in enforcing this Security Interest, including but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument." (Docket Entry No. 2-2, at 10).

Slott alleges that Specialized Loan Servicing did not provide him with information on how to reinstate the loan. But the Deed of Trust—which Slott claims Specialized Loan Servicing breached—states precisely how Slott could reinstate the loan. Slott alleges that he was denied the "right to reinstate," but he does not explain how or why Specialized Loan Servicing denied him this right. Slott has not alleged, for example, that he attempted to pay off the defaulted loan. There is no plausible basis for the court to conclude that Specialized Loan Servicing breached Slott's right to reinstate.

Slott also alleges that Specialized Loan Servicing did not provide notice when it became Slott's new loan servicer. But Slott does not seek any damages based on this alleged breach. The only remedy that Slott seeks—a permanent injunction prohibiting the foreclosure sale—is unrelated to Slott's alleged failure to receive this notice. As explained above, Slott has not alleged any plausible facts showing that his failure to make timely loan payments was related to

Specialized Loan Servicing's alleged failure to notify Slott that Bank of America had assigned Slott's loan to Specialized Loan Servicing.

The only breach-of-contract allegations plausibly related to the injunction Slott seeks are his allegation that he did not receive notice of his default—an allegation that he contradicted elsewhere in his complaint—and his vague and conclusory allegation that Specialized Loan Servicing did not allow him to reinstate the loan. To state a viable breach of contract claim, Slott must "allege that [he] complied with the terms of the [Deed of Trust] by timely making [his] mortgage payment," thereby upholding his end of the contractual bargain. *Chatman v. Guild Mortgage Co.*, 2019 WL 4359378, at *2 (N.D. Tex. Aug. 19, 2019). "A party who has breached a loan agreement by failing to make mortgage payments has no plausible claim for breach of contract." *Id.*; *see also Prather v. CitiMortgage, Inc.*, 2019 WL 131853, at *4 (N.D. Tex. Jan. 8, 2019) (same); *JohnCharles v. Wells Fargo Bank, N.A.*, 2018 WL 6681937, at *6 (N.D. Tex. Nov. 30, 2018) (same). "[I]mplicit in [Slott's] pleadings is the admission that [he] failed to make mortgage payments as required." *Chatman*, 2019 WL 4359378, at *2. Because Slott's "breach . . . preceded [Specialized Loan Servicing's] failure to send the notice . . . and the foreclosure," Slott's breach of contract claim must be dismissed. *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013); *see also Javier Perez*, 2019 WL 6687665, at *3.

Slott's Texas Property Code claim is dismissed with prejudice, because amendment would be futile. The court grants the motion to dismiss the remaining claims without prejudice and with leave to amend, consistent with Rule 11. Specialized Loan Servicing has presented documents that would refute Slott's claims, showing that Slott did receive the notice that he claims not to have received and showing that Slott failed to appeal the denial of his request for a loan modification. The court did not consider these documents in determining that Slott failed to state a claim for relief under Rule 12(b)(6). Rule 11 requires Slott to consider these documents in filing any amended complaint.

**III.    Conclusion**

Specialized Loan Servicing's motion to dismiss, Docket Entry No. 2, is granted. Slott's Texas Property Code claim is dismissed with prejudice. All other claims are dismissed without prejudice. Slott may amend his complaint by **July 27, 2022.** The initial conference scheduled for June 30, 2022, is reset for **August 26, 2022,** at 11:00 A.M. CDT, by Zoom. A link will be separately sent.

SIGNED on July 1, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge